IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WILLIAM T. MORRISON,**

    Plaintiff,

vs.                                           CASE NO. 3:08CV419-LC/AK

**MELISSA MURRY, et al,**

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff has filed an amended complaint alleging that Defendant Melissa Murry, a former employee, broke into his computer to obtain evidence for Defendants William Eddins and Russel Edgar, Assistant State Attorneys, for use at his trial. (Doc. 10). He claims she misrepresented herself to obtain access to his files in exchange for immunity from prosecution. He requests damages from each of the defendants in the amount of $500,000.00 each.

    **I.**     **Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However,

a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

**No. 3:08cv419-LC/AK**

**II.     Absolute Immunity**

Prosecuting attorneys are absolutely immune from suit over their acts in initiating or pursuing criminal prosecution.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).  Such absolute immunity extends to a prosecutor's "acts undertaken...in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L.Ed.2d 209 (1993).   Such immunity extends to most court appearances, including examining witnesses and presenting evidence.  Burns v. Reed, 500 U.S. 478, 492 (1991).  Thus, Plaintiff's civil rights claims against Defendants Eddins and Edgar for their methods in obtaining evidence against him are barred by absolute immunity.

**II.     Heck doctrine**

Plaintiff is also barred from seeking damages related to his criminal prosecution unless and until that sentence or conviction has been reversed or invalidated.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  Insofar as can be discerned from the complaint, Plaintiff is still incarcerated on the charges of which he complains.  Thus, he is barred from seeking damages by Heck, but could challenge alleged prosecutorial misconduct during his criminal trial by filing a habeas petition.

**No. 3:08cv419-LC/AK**

### III.  Color of state law

As was explained to Plaintiff previously, (see doc. 9), there is no evidence that Ms. Murry was acting under color of state law, and therefore she cannot be liable to him for any civil rights violations under section 1983.  A person acts under color of state law when she acts with authority possessed by virtue of her employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.*, at 1523, *citing* Monroe v. Pape, 365 U.S. 167, 183-84, 81 S. Ct. 473, 482, 5 L. Ed. 2d 492 (1961), *overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Plaintiff was warned previously that he would need to explain her employment status and how it constituted state action.  He offers that she was granted immunity for her cooperation in obtaining access to his computer files, but this does not constitute employment with the state.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc. 10) be **DISMISSED** as barred by absolute immunity and Heck v. Humphrey, cited *supra*.

**IN CHAMBERS** at Gainesville, Florida, this   **21st**   day of April, 2009.

                         *s/ A. KORNBLUM*
                         **ALLAN KORNBLUM**
                         **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 3:08cv419-LC/AK**